IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CRIMINAL NO. 91-30089-WDS |
| ) | |
| ROBERT GASTON, ) | |
| ) | |
| Defendant. ) | |

**O R D E R**

**STIEHL, District Judge:**

This matter is before the Court on defendant's pro se motion for reconsideration of the Court's Order of August 10, 2004 (Doc. 646), which denied defendant's motion for modification of term of imprisonment pursuant to 18 U.S.C. § 3582. The defendant asserts that he is entitled to relief under this statute in light of the ruling in *Blakely v. Washington*, 124 S. Ct. 2531 (2004). The provisions of § 3582 permit a court to reduce a defendant's term of imprisonment if there has been a subsequent amendment to the guideline range that applies retroactively. This statute does not, however, allow a defendant to file a motion based on new case law or rulings. In fact, this Court's review under § 3582 is limited to the effect of the post-sentencing amendment on the guideline range. *See, eg. United States v. Bravo*, 203 F.3d 778, 781 (11th Cir. 2000); *United States v. Jordan*, 162 F.3d 1, 5 (1st Cir. 1998); *United States v. Tidwell*, 178 F.3d 9436, 949 (7th Cir. 1999) (where the court noted that a § 3582(c) proceeding is not a "do-over of an original sentencing proceeding.") .

The only proper way for the defendant to challenge his sentence on the basis of

*Blakely* or *United States v. Booker*, 125 S. Ct. 738 (2005) is by filing a habeas action under 28 U.S.C. § 2255.  The time for filing a habeas review is not unlimited, however, and defendant has not filed within the statutory one-year limit.  *See* § 2255.  Accordingly, the Court **DENIES** defendant's motion to reconsider (Doc. 650) on all grounds.

**IT IS SO ORDERED.**

**DATED: January 6, 2006**

                                                s/ **WILLIAM D. STIEHL**
                                                  **DISTRICT JUDGE**